**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gail L Wolff, et al., | No. CV-25-02002-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Praetorian Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Defendant Praetorian Insurance Company's ("Praetorian") motion for an order to show cause directing nonparties Tierra Abdullah, Kareem Abdullah, and Geneva's Garden of Grace c/o Tierra Abdullah to show cause why they should not be held in contempt for failing to respond to its subpoenas. (Doc. 32.) The Court will grant Praetorian's motion.

**I**

In April 2025, Plaintiffs Gail Wolff and Daniel Botnik brought this action against Praetorian and others. (*See* Doc. 1-2.) Plaintiffs had previously filed an action in state court against individuals Darrell Jordan and Sulieti Jordan for claims arising out of the death of their son, through which Plaintiffs obtained a monetary judgment against the Jordans. (*Id.* ¶¶ 2, 11.) Plaintiffs and the Jordans entered into a *Damron* agreement by which Plaintiffs were assigned the Jordans' rights and claims against the Jordans' insurers, who denied a defense and coverage under the relevant insurance policy. (*Id.* ¶¶ 12, 37, 41.) Plaintiffs have therefore asserted claims against the defendants for breach of contract, bad faith, and

punitive damages. (*Id.* at 12-14.)

As relevant to Praetorian's motion, the complaint alleges that Kareem Abdullah, along with Tierra Abdullah, rented a property owned by the Jordans. (*Id.* ¶ 27.) Plaintiffs' son was staying in the property as a guest of Mr. Abdullah when he was killed by another of Mr. Abdullah's guests. (*Id.* ¶ 29.) When interviewed by police, Mr. Abdullah stated that he permitted guests "on the streets" and from referrals to stay on the property for free if the guests agreed to stay sober and "work the [12] steps." (*Id.* ¶¶ 31-32 (alteration in original).) Mr. Abdullah also stated that he had a non-profit—Geneva's Garden of Grace—through which he received donations "from the company which pays for the residents housing." (*Id.* ¶ 33.)* One of the stated reasons that Praetorian gave for denying coverage is that Geneva's Garden of Grace and Mr. Abdullah were not insureds under the policy and the use of the property "constitute[d] an activity engaged in for money by an Insured" that fell within a policy exclusion. (*Id.* ¶ 53.)

Here, in November 2025 and May 2026, Praetorian issued subpoenas to Mr. Abdullah, Ms. Abdullah, and Geneva's Garden of Grace (the "Subpoenaed Nonparties") to produce two categories of documents: (1) "ledgers, balance sheets, cash flow statements, profit and loss statements, annual statements, or any other related documents" for the Subpoenaed Nonparties "for the years 2021 to 2024" and (2) "Internal Revenue Service tax returns and Arizona State Revenue tax returns . . . audited financial statements, as well as Maricopa County tax statements and any city tax statements, payments or returns for the years 2021 to 2024" for the Subpoenaed Nonparties. (*See* Docs. 32-2, 32-3, 32-4, 32-5.)

The only certificates of service Praetorian provided in its motion indicate that the latter subpoenas were served on May 31, 2026 by process server. (Docs. 32-6, 32-7.) The subpoenas directed the Subpoenaed Nonparties to respond by June 12, 2026. (*See* Docs. 32-4, 32-5.) Praetorian states that the Subpoenaed Nonparties nevertheless did not respond to the subpoenas, and Praetorian does not appear to have received any objections from the Subpoenaed Nonparties. (Doc. 32 at 3); *see* Fed. R. Civ. P. 45(d)(2)(B). The Subpoenaed

---

* The Abdullahs were later added as defendants to the state court action. (*Id.* ¶ 40.)

- 2 -

Nonparties have also not filed any motion to quash or modify the subpoenas in this Court.

## II

"Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Morgutia-Johnson v. City of Fresno*, No. 1:14-cv-00127-LJO-SKO, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015). Thus, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. Courts "normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance." 9A *Wright & Miller's Federal Practice & Procedure* § 2465 (3d ed., April 2026 update); *see also Morgutia-Johnson*, 2015 WL 1021123, at *2 ("[T]he applicable procedure for seeking compliance with [a non-party] subpoena is an order to show cause re contempt."). "A civil contempt order must include a 'purge' condition whereby it provides the contemnor to comply with the order before payment of the fine or other sanction becomes due." *Morgutia-Johnson*, 2015 WL 1021123, at *3. And "the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order." *Id.* Additionally, "due process does require that any civil contemnor be given certain basic procedural protections before being subject to any sanction: adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner." 9A *Wright & Miller* § 2465; *see also Morgutia-Johnson*, 2015 WL 1021123, at *2.

## III

Praetorian has established that the Subpoenaed Nonparties were personally served with the subpoenas and have violated an order of this Court by failing to respond. *See Morgutia-Johnson*, 2015 WL 1021123, at *3; *see also* 9A *Wright & Miller* § 2465 ("[T]he failure of a subpoenaed party to . . . produce according to the terms of a subpoena is prima

facie evidence of contempt."). The Court will therefore grant Praetorian's motion for an order to show cause, as follows:

(1)     The Subpoenaed Nonparties are ordered to appear in person on **August 11, 2026**, at **2:30 p.m.** in Courtroom 504, 401 West Washington Street, Phoenix, Arizona 85003 before United States District Judge Michael T. Liburdi. At this hearing, the Subpoenaed Nonparties must show cause why they should not be held in contempt for their failure to comply with the subpoenas.

(2)     The Subpoenaed Nonparties may file a written response to the Court's Order to Show Cause no later than **August 4, 2026**.

(3)     If the Subpoenaed Nonparties comply with the subpoenas on or before **August 3, 2026**, the Court will discharge the Order to Show Cause and vacate the hearing. Praetorian must immediately file a notice with the Court if the Subpoenaed Nonparties comply with the subpoenas.

(4)     Praetorian must effect personal service of this Order on the Subpoenaed Nonparties no later than **July 27, 2026** and must file proof of service no later than **July 28, 2026**.

Finally, the Subpoenaed Nonparties are warned that failure to comply with this Order may subject them to contempt sanctions, including monetary sanctions. Additionally, the Subpoenaed Nonparties should be aware that, when appearing in federal court, an entity cannot represent itself, and a non-attorney cannot represent an entity. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). And "while a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citation modified).

. . . .

. . . .

. . . .

. . . .

**IV**

Accordingly,

**IT IS ORDERED** that Praetorian's motion (Doc. 32) is **granted**.

**IT IS FURTHER ORDERED** setting a hearing on this Order to Show Cause on **August 11, 2026**, at **2:30 p.m.** in Courtroom 504, 401 West Washington Street, Phoenix, Arizona 85003 before United States District Judge Michael T. Liburdi, at which Kareem Abdullah, Tierra Abdullah, and Geneva's Garden of Grace c/o Tierra Abdullah must show cause why they should not be held in contempt for their failure to respond to the subpoenas.

**IT IS FURTHER ORDERED** that Kareem Abdullah, Tierra Abdullah, and Geneva's Garden of Grace c/o Tierra Abdullah may file a written response to this Order no later than **August 4, 2026**.

**IT IS FURTHER ORDERED** that the Court will discharge the Order to Show Cause and vacate the hearing if Kareem Abdullah, Tierra Abdullah, and Geneva's Garden of Grace c/o Tierra Abdullah respond to the subpoenas by **August 3, 2026**.

**IT IS FURTHER ORDERED** that if Kareem Abdullah, Tierra Abdullah, and Geneva's Garden of Grace c/o Tierra Abdullah respond to the subpoenas, Praetorian must immediately file a notice with the Court.

**IT IS FINALLY ORDERED** that Praetorian must effect personal service of this Order on Kareem Abdullah, Tierra Abdullah, and Geneva's Garden of Grace c/o Tierra Abdullah no later than **July 27, 2026** and must file proof of service no later than **July 28, 2026**.

Dated this 17th day of July, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

- 5 -