**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Gail L Wolff, et al.,

Plaintiffs,

v.

Praetorian Insurance Company, et al.,

Defendants.

No. CV-25-02002-PHX-MTL

**ORDER**

Nonparties Tierra Abdullah, Kareem Abdullah, and Geneva's Garden of Grace c/o Tierra Abdullah ("Subpoenaed Nonparties") have failed to respond to Defendant Praetorian's subpoenas and flouted this Court's order to appear and show cause why they should not be held in contempt. For the following reasons, the Court will hold the Subpoenaed Nonparties in civil contempt, impose monetary sanctions, and admonish Tierra Abdullah and Kareem Abdullah that continued noncompliance with this Court's orders will result in the issuance of a bench warrant for their arrest.

**I.**

The Court ordered the Subpoenaed Nonparties to show cause why they should not be held in contempt for failing to respond to Praetorian's subpoenas. (Doc. 34.) The Court permitted the Subpoenaed Nonparties to submit a written response, but they did not file a response. (*Id.* at 5.) The Court held a hearing on the order to show cause. The Subpoenaed Nonparties did not appear.

. . . .

## II.

Under Rule 45, a subpoena may be issued to command a nonparty to "produc[e] documents . . . ." Fed. R. Civ. P. 45(c)(2)(A). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Once a nonparty has been properly served with a Rule 45 subpoena, the nonparty "may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." *In re Plise*, 506 B.R. 870, 878 (2014) (citation omitted).

Pursuant to Rule 45, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). A court ruling on contempt related to a nonparty's noncompliance with a discovery subpoena should pay "special attention to the procedural and substantive rights of the nonparty witness." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010).

To initiate contempt proceedings, a court must issue an order to show cause as to why a contemnor should not be held in contempt, as well as a notice of a date for the hearing. *Alcade v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 696, 971 (C.D. Cal. 2008) (citation omitted). A motion for order to show cause for contempt or sanctions "satisfies the due process notice requirement by giving the nonmoving party notice of his opportunity to respond before the substantive request of relief is entertained." *U.S. S.E.C.*, 621 F.3d at 695 (citation omitted). A nonparty's noncompliance with a subpoena may warrant contempt sanctions. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983). But "[a] civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of a fine or other sanction becomes due." *Martinez v. City of Pittsburg*, 2012 WL 699462, at *3 (N.D. Cal. 2012) (citations omitted).

The moving party must establish the contemnor violated a specific and definite court

order by clear and convincing evidence. *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The contemnor must then demonstrate why he was unable to comply with such an order. *Id.* A person should not be held in contempt if her "action 'appears to be based on a good faith and reasonable interpretation of the court's order[.]'" *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) (quoting *Rinehart v. Brewer*, 483 F. Supp. 165, 171 (S.D. Iowa 1980)). A court may consider a nonparty's "history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." *Martinz v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 5705291, at *4 (D. Ariz. 2013) (citation omitted).

**III.**

Praetorian has established the existence of a court order and the Subpoenaed Nonparties' violation of such order by clear and convincing evidence. Namely, the subpoenas, dated May 27, 2026, (Docs. 32-4, 32-5), constitute court orders for which their failure to comply could result in a finding of civil contempt. *See* Fed. R. Civ. P. 45; *see also Morgutia-Johnson v. City of Fresno*, No. 1:14-cv-00127-LJO-SKO, 2015 WL 10211123, at *2 (E.D. Cal. Mar. 9, 2015) ("Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court.").

The subpoenas were personally served on the Subpoenaed Nonparties. (Docs. 32-6, 32-7.) After they failed to respond to the subpoenas, Praetorian filed a motion for order to show cause, which the Court granted. (Docs. 32, 34.) The Court admonished the Subpoenaed Nonparties that "failure to comply with [the order to show cause] may subject them to contempt sanctions, including monetary sanctions." (Doc. 34 at 4.) They failed to appear at the show cause hearing set by this Court. Further, they have made no attempt to provide excuses for their nonappearances and noncompliance with the Court's orders. Nor have they otherwise responded to the Court's order to show cause. As such, the Court finds the Subpoenaed Nonparties in civil contempt for failing to comply with the Rule 45 subpoenas. The Court will order them to comply with the subpoenas, and after a period of time, pay a daily fine until they have demonstrated compliance.

**IT IS THEREFORE ORDERED** that nonparties Tierra Abdullah and Kareem Abdullah are held in civil contempt pursuant to Federal Rule of Civil Procedure 45(g) for failure, without adequate excuse, to comply with the subpoena, dated May 27, 2026. (Doc. 32-4 at 1-4.)

**IT IS FURTHER ORDERED** that, as a sanction for this contempt, nonparties Tierra Abdullah and Kareem Abdullah must:

1. Comply fully with the subpoena, dated May 27, 2026, (Doc. 32-4 at 1-4), no later than September 1, 2026, by producing:
   a. All ledgers, balance sheets, cash flow statements, profit and loss statements, annual statements, or any other related documents for Tierra Abdullah and Kareem Abdullah for the years 2021 to 2024;
   b. All Internal Revenue Service tax returns and Arizona State Revenue tax returns, including any K1's, 990s, and other attachments, audited financial statements, as well as Maricopa County tax statements and any city tax statements, payments or returns for the years 2021 to 2024 for Tierra Abdullah and Kareem Abdullah, including any documents in any way related to such tax years; and
2. Pay a coercive fine of $100 per day, payable to the Clerk of Court, commencing on September 2, 2026, and continuing to accrue for each day thereafter that Tierra Abdullah and Kareem Abdullah remain in noncompliance. The fine will be purged upon compliance.

**IT IS FURTHER ORDERED** that nonparty Geneva's Garden of Grace c/o Tierra Abdullah is held in civil contempt pursuant to Federal Rule of Civil Procedure 45(g) for failure, without adequate excuse, to comply with the subpoena, dated May 27, 2026. (Doc. 32-5 at 1-4.)

**IT IS FURTHER ORDERED** that, as a sanction for this contempt, nonparty Geneva's Garden of Grace c/o Tierra Abdullah must:

1. Comply fully with the subpoena, dated May 27, 2026, (Doc. 32-5 at 1-4), no

later than September 1, 2026, by producing:

a. All ledgers, balance sheets, cash flow statements, profit and loss statements, annual statements, or any other related documents for Geneva's Garden of Grace for the years 2021 to 2024;

b. All Internal Revenue Service tax returns and Arizona State Revenue tax returns, including any K1's, 990s, and other attachments, audited financial statements, as well as Maricopa County tax statements and any city tax statements, payments or returns for the years 2021 to 2024 for Geneva's Garden of Grace, including any documents in any way related to such tax years; and

2. Pay a coercive fine of $100 per day, payable to the Clerk of Court, commencing on September 2, 2026, and continuing to accrue for each day thereafter that Geneva's Garden of Grace c/o Tierra Abdullah remain in noncompliance. The fine will be purged upon compliance.

**IT IS FURTHER ORDERED** that the Subpoenaed Nonparties must file a Notice of Compliance immediately after complying with the subpoenas.

**IT IS FURTHER ORDERED** that the Subpoenaed Nonparties' failure to comply with this Order will result in additional sanctions, including a warrant of arrest of Tierra Abdullah and Kareem Abdullah for civil contempt.

**IT IS FURTHER ORDERED** granting leave to Defendant Praetorian to file, on or after **September 9, 2026**, a motion for the issuance of a bench warrant for the arrest of Tierra Abdullah and Kareem Abdullah.

**IT IS FURTHER ORDERED** granting leave for Defendant Praetorian to file a motion requesting reasonable attorneys' fees and costs associated with the subpoenas, motion for order to show cause, and any contempt proceedings.

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** that Defendant Praetorian must effect service of this Order on the Subpoenaed Nonparties no later than **August 28, 2026**, and must file proof of service no later than **August 31, 2026**. Based on the Court's previous finding that the Subpoenaed Nonparties are likely evading service, (*see* Doc. 37), the Court will again authorize service of this Order by alternative means. To effect service, Defendant Praetorian must send, via U.S. Mail and Certified U.S. Mail, a copy of this Order to 813 East Divot Drive, Tempe, Arizona 85283, and post a copy of this Order to that address.

Dated this 27th day of August, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge